UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DWYER AND ALICIA DWYER INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN E.D. AND L.D. | * | DOCKET NO. 3:22-cv-552 |
| VERSUS | * | JUDGE |
| SENTRY SELECT INSURANCE COMPANY, BUCKLEY TRANSPORT, INC., AARON CLAYTON AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | * | MAGISTRATE |

**DEFENDANTS' JOINT NOTICE OF AND CONSENT FOR REMOVAL OF ACTION**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA, BATON ROUGE DIVISION:

Defendants, SENTRY SELECT INSURANCE COMPANY, BUCKLEY TRANSPORT, INC., AARON CLAYTON AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, appearing herein through undersigned counsel, with full reservation of all defenses, objections, and rights, respectfully represent the following:

1.

On June 30, 2022, a Petition for Damages as a result of a July 24, 2021 motor vehicle accident was filed by Christopher Dwyer, and Alicia Dwyer individually and on behalf of their minor children, "E.D." and "L. D." in the 19th Judicial District Court for the Parish of East Baton Rouge, bearing Docket No. C720741, Sec. 21. A copy of the Petition for Damages filed with the 19th Judicial District Court is attached to the Notice of Filing and Certificate of Removing Defendants as "Exhibit 1".

## **FEDERAL JURISDICTION**

## **Removal Pursuant to 28 U.S.C. §1332**

2.

This civil action is a matter over which this Court has original jurisdiction by virtue of Diversity of Citizenship (28 USC §1332) and is one which may be removed to this Court under the provisions of 28 USC §1441 et seq., in that it is a civil action wherein diversity of citizenship exists between the plaintiffs and all defendants, with the requisite amount in controversy being present for the claims of Alicia Dwyer, at a minimum, with this Court having supplemental jurisdiction pursuant to 28 U.S.C. 1367 over the claims of Christopher Dwyer individually and Christopher Dwyer and Alicia Dwyer on behalf of the minor children, E.D. and L.D as the claims of Christopher Dwyer, E.D. and L.D. are so related to the claims of Alicia Dwyer that they form part of the same case or controversy.

## **Complete Diversity Exists as to All Parties**

3.

The Petition for Damages reflects that the Plaintiffs are citizens of the State of Louisiana. On information and belief, the plaintiffs are domiciled in West Feliciana Parish.

4.

Defendant Buckley Transport, Inc is a corporation organized under the laws of the State of Mississippi and which maintains its principal place of business in the State of Mississippi. The state court suit was mailed on July 6, 2022 to Buckley Transport, Inc. via the Louisiana Long-arm statute, La. R. S. 13:3201 et. seq., and was accepted on July 12, 2022. The state court record does contain a July 18, 2022 Affidavit of Service filed in the state court suit record indicating service upon Buckley Transport, Inc.

5.

Defendant Aaron Clayton a citizen and resident of the State of Mississippi. Mr. Clayton has resided in Mississippi for many years and intends to remain as a citizen of that state. The state court suit was mailed to Mr. Clayton on July 6, 2022 via the Louisiana Long-arm statute, La. R. S. 13:3201 et. seq., and was accepted by Mr. Clayton on July 9, 2022. The state court record does contain a July 18, 2022, An Affidavit of Service filed in the suit record indicating service was made upon him.

6.

Defendant Sentry Select Insurance Company is a corporate entity of the State of Wisconsin, where it is both incorporated and maintains its principal place of business. Sentry was served with the state court Petition through the Louisiana Secretary of State's office on July 6, 2022.

7.

Defendant State Farm Mutual Automobile Insurance Company is a corporate entity of the State of Illinois with its principal place of business located in Bloomington, Illinois. State Farm was served with the state court Petition through the Louisiana Secretary of State's office on July18, 2022. State Farm joins in the Removal of this action.

**The Requisite Amount in Controversy Is Established**

8.

Upon information and belief, and without making any stipulation as to the amount of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00 for the claims of Ms. Alicia Dwyer, at a minimum.

9.

The amount in controversy for the claims of Christopher Dwyer and for each of the minor children, E.D. and L.D. are unknown, due to lack of medical information, but this Court has supplemental jurisdiction over those additional claims since those claims arise out of the same occurrence as that of Ms. Dwyer.

10.

The Petition for Damages did not contain sufficient information to trigger the running of a removal deadline.  Regarding Ms. Alicia Dwyer, the Petition contained only general allegations of injury and related pain, suffering, etc…but without specifying either the particular areas of her body allegedly injured in the accident or the particular medical treatment she has thus far undergone.  The Petition for Damages itself did not, therefore set forth sufficient information upon with removal could be premised.  Please see the state court Petition for Damages submitted herewith.

11.

Further, the Petition for Damages did not allege either the presence or lack of amount in controversy, as is specifically provided for in Article 893A(1) of the Louisiana Code of Civil Procedure. <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880 (5th Cir. 2000) (citing Louisiana Code of Civil Procedure article 893, which requires a plaintiff to allege "the lack of jurisdiction of federal courts due to insufficiency of damages."

The United States Court of Appeals for the Fifth Circuit has held that "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. <u>Garcia v. Koch Oil Co. of Texas Inc</u>., 351 F.3d 636,

638-39 (5th Cir. 2003) (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). This burden may be fulfilled in two ways. First, jurisdiction is proper if "it is facially apparent" from the plaintiff's complaint that her "claims are likely above [$75,000]." Allen v. R & H Oil and Gas, 63 F.3d 1326, 1335. Second, if the value of the claims is not apparent, the defendant "may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." Id.

12.

As a professional courtesy so that the defense could assess the potential value of Ms. Dwyer's claim, Plaintiffs' attorney forwarded medical records for Ms. Alicia Dwyer on July 14, 2022.  (See forwarding email attached as Exhibit 2).  No medical information on the other plaintiffs/claimants has yet been submitted. The medical records provided on Ms. Alicia Dwyer were from Family & Sports Chiropractic of St. Francisville (Exhibit 3), LabCorp (Exhibit 4), Pelvic Rehabilitation Medicine (Exhibit 5) and the Baton Rouge Clinic (Exhibit 6).  None of this information had been submitted to any of the defendants prior to July 14, 2022.

Upon receipt of the medical records for Ms. Dwyer, the defense was for the first time made aware of particular medical information regarding Ms. Dwyer which does reveal an "amount in controversy" in excess of $75,000.00. As set forth in greater detail below the defense herein is accordingly "setting forth facts in controversy" to support a finding of the requisite jurisdictional amount. Drill Cuttings Disposal Co. L.L.C. v. Chesapeake Operating, Inc., 2012 WL 399247, at *1 (W.D. La. Feb. 7, 2012) citing Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999). While the Defendants

herein do not concede any facts pertaining to the nature, extent and causation of injuries, the medical records supplied on July 14, 2022, revealed the following information upon which the claims of Alicia Dwyer are based:

In short, Ms. Alicia Dwyer contends that the subject accident of July 24, 2021 has caused her to sustain an injury to her pelvic area which has produced incontinence and pain which her physicians describe as "Neuropathic pain and Myofascial Pain Syndrome". Ms. Dwyer has been described as a: "Patient with both Central Sensitization and Peripheral Sensitization leading to membrane hyperexcitability and upregulation of both the Central Nervous System and Peripheral Nervous System with a sympathetic component to pain." Her medical records make reference to a "Left posterior femoral cutaneous nerve block under ultrasound guidance"; a "left pudendal nerve block under ultrasound guidance" and "Left puborectalis Trigger Point Injection under the ultrasound guidance" (although it is unclear from the medical records as to whether she has had these procedures vs these being recommended). In addition, to these pelvic area complaints, Ms. Dwyer has also voiced complaints of hip pain, neck pain, and back pain, which continue to the present time.

To further synopsize the information contained in the medical records, Ms. Dwyer started a four-month course of physical therapy on July 27, 2021 due to having urinary incontinence and severe abdominal and pelvic pain that was preventing her from daily functions and work. She presented with pelvic malalignment with the "right innominate downslip". Her healthcare providers suggest that this sudden change in pelvic alignment has caused several muscle spasms and other muscles to be inhibited, and that this has

resulted in severe abdominal and pelvic pain. She also had signs of right shoulder and neck dysfunction.

On August 16, 2021, Ms. Dwyer was then evaluated at the Baton Rouge Orthopedic Clinic due to complaints of neck and radiating right arm pain and lower back and radiating right leg pain that has been ongoing since the accident on July 24, 2021.

An August 24, 2021 cervical MRI revealed disc bulge at the C6-C7 level. A lumbar MRI revealed "desiccation disc with a small central disc protrusion at the L4-L5 level. No evidence of nerve root impingement. Mild degenerative changes of the L4-L5 disc".

On October 28, 2021, Ms. Dwyer was evaluated at the Baton Rouge Orthopedic Clinic due to her continuing complaints of abdominal pain, groin pain, buttock pain and right lower extremity pain. The assessment was "Neuropathic pain; Myalgia; Sacroilitis".

On November 12, 2021, Ms. Dwyer presented at The NeuroMedical Center Clinic for evaluation of pain and numbness. The assessment was thoracic pain.

An MRI of her brain was ordered on November 23, 2021. The MRI was conducted on December 12, 2021, and showed "Single punctate chronic white matter T2 hyperintensity right frontal lobe likely a small foci of gliosis".

Ms. Dwyer has also had a subsequent motor vehicle accident on December 2, 2021.  The precise effect of this accident is yet to be determined.

Due to her continued pelvic pain problem, Ms. Dwyer was evaluated on March 16, 2022, at the Louisiana Urology Clinic. The assessment was: "Assessment: (1) Urge incontinence. (2) Pelvic and perineal pain. (3) Urgency of urination. (4) Frequency of micturition. (5) Pelvic muscle wasting. (6) Female sexual arousal disorder".

Due to her ongoing and continuing pelvic problem a MRI of her pelvis was ordered on May 3, 2022.

On May 5, 2022, she was evaluated at the Pelvic Rehabilitation Medicine. The assessment was "Assessment: (1) Other chronic pain. (2) Myalgia, unspecified site. Pelvic pain likely secondary to Neuropathic pain and Myofascial Pain Syndrome. Patient with both Central Sensitization and Peripheral Sensitization leading to membrane hyperexcitability and upregulation of both the Central Nervous System and Peripheral Nervous System with a sympathetic component to pain. As part of a comprehensive outpatient pain treatment program, she may benefit from a series of peripheral nerve blocks and trigger point injections to the pelvic floor to treat neuropathic pain and myofascial pain syndrome."

The Pelvic Rehabilitation notes of May 13, 2022 indicate "Complains of chronic pelvic pain. Pain is localized to the lower abdomen, pelvis, lumbosacral back, or buttocks. Pain is of sufficient severity to cause functional disability. Continues to have pain despite conservative treatment. Nerve blocks were recommended including a nerve block to her right pudendal nerve".

The May 27, 2022, note from Pelvic Rehabilitation states that Ms. Dwyer may benefit from a series of peripheral nerve blocks and trigger point injections to the pelvic floor to treat neuropathic pain and myofascial pain syndrome.

In short, since the July 24, 2021, motor vehicle accident, Ms. Dwyer has continued to have back, neck and especially pelvic pain and neurogenic issues for which she has received ongoing physical therapy, ongoing chiropractic treatments and numerous evaluations from several medical care providers.

No information on medical bills has yet been submitted on either Ms. Alicia Dwyer or any of the other plaintiffs. However, the medical records submitted show that Ms. Dwyer has had the following number of medical visits.

- --Family & Sports Chiropractic of St. Francisville – 22 visits
- --Baton Rouge Orthopedic Clinic – 10 visits
- --The NeuroMedical Center Clinic – 6 visits
- --Pelvic Rehabilitation Medicine – 6 visits
- --Kali Pelvic Health & Physical Therapy Services – 5 visits
- --Louisiana Urology, LLC – 4 visits
- --Dr. Chaillie P. Daniel – 4 visits
- --Wendy A. Waguespack, O.D., Inc. – 1 visit
- --The Baton Rouge Clinic – 1 visit

Undoubtedly, the cost of this total of 59 separate visits to healthcare providers will be substantial. Similarly, no information on wage loss has been provided. Nonetheless, we respectfully submit that the general damages component alone of this case would exceed $75,000.00 should it ultimately be determined that the subject accident of July 24, 2021 has in fact caused Ms. Dwyer to sustain a pelvic injury which has produced neurogenic symptoms of the type referenced more fully in her medical records attached hereto and summarized above.

13.

Even without regard to the alleged pelvic injury and neuropathic symptoms, Courts have awarded general damages to plaintiffs who had cervical and lumbar injuries, without surgeries, several times the amount of incurred medical expenses. *See* Collier v. Benedetto, 897 So.2d 775, 780 (La. App. 5th Cir. 2005) (adjusting award of general damages from $50,000.00 to $75,000.00 where plaintiff in automobile accident, who declined surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5–C6, and cervical and lumbar muscle strains" and was awarded

just $5,718.75 in medical expenses); <u>Perez v. State ex rel. Crescent City Connection, Div. of Dep't of Transp. & Dev.</u>, 753 So.2d 913, 914–15 (La. App. 4th Cir. 2000) (affirming award of $150,000.00 in general damages where plaintiff was not recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000.00); <u>Wehbe v. Waguespack</u>, 720 So.2d 1267, 1270–72 (La. App. 5th Cir.1998) (affirming award of "$185,000.00 for general damages for a herniated C3–4 disc without surgery and aggravation of pre-existing degenerative lumbar spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590.00).

14.

Therefore, upon information and belief, and without making any stipulation as to the nature, extent, quantum or causation of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00 for Alicia Dwyer based upon the medical evidence first supplied to the Defendants on July 14, 2022.

**Venue**

15.

Plaintiffs filed this lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge. Thus, venue in this District is proper under 28 U.S.C. §1441(a), as it is the "District Court of the United States for the district and division embracing the place" where the original lawsuit is pending.

**Removal of This Matter is Timely**

16.

It was not facially apparent from the Dwyer Petition that the amount in controversy exceeded the $75,000.00 threshold for this Court's diversity jurisdiction. It was only upon receiving the medical records for Ms. Dwyer on July 14, 2022, including the medical records described in detail above, that defendants were able to ascertain that the amount in controversy in this matter exceeds the $75,000.00 threshold for diversity jurisdiction.

17.

Applicable jurisprudence makes it clear that a Defendant is not required to remove the case within 30 days of receipt of the suit when the petition fails to "affirmatively reveal on its face" that Plaintiff is seeking damages in excess of the minimum jurisdictional amount. Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir.1992) ("the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."). Plaintiff's action may become removable during its first year if Defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that" federal jurisdiction exists". 28 U.S.C. § 1446(b)(3).

In the context of "other paper," the Fifth Circuit has generally held that a case becomes removable when a "voluntary act" of the plaintiff makes it ascertainable for the first time that the federal jurisdiction exists. S.W.S. Erectors, Inc., 72 F.3d at 494 (citing Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252, 254 (5th Cir.1961) (non-removable case "cannot be converted into a removable one by evidence of the defendant

or by an order of the court ..., but that such conversion can only be accomplished by the voluntary [act of] the plaintiff").

The instant matter is squarely on point with Williams v. Brand Energy & Infrastructure Services, Inc., CV 16-00120-SDD-EWD, 2016 WL 3977259, at *3 (M.D. La. June 9, 2016), where the Court held: " Accordingly, the 30-day period for removing the action was not triggered by service of the Petition, but rather by receipt of Williams' response to a Request for Production, indicating his damages "far exceed $75,000." As defendants removed this action less than 30 days after receiving plaintiff's medical records on July 14, 2022, removal is timely under 28 U.S.C. § 1446(b)(3).

18.

This removal is also being sought within 30 days of the July 18, 2022 service upon the co-defendant State Farm.

WHEREFORE, defendants do hereby remove the above captioned case to the United States District Court for the Middle District of Louisiana, Baton Rouge Division.

**[SIGNATURE BLOCKS ON FOLLOWING PAGE]**

Respectfully submitted:

**RABALAIS, HEBERT & COUVILLION, LLC**
*/s/ Steven B. Rabalais*
**STEVEN B. RABALAIS (#17100) T.A.**
**MELVIN A. EIDEN (#19557)**
**BLAKE T. COUVILLION (#37443)**
701 Robley Drive, Suite 210
Lafayette, LA  70503
Telephone:  (337) 981-0309
Fax:  (337) 981-0905
Email:  srabalais@rhhnet.com;
meiden@rhhnet.com; blake@rhhnet.com
**ATTORNEYS FOR DEFENDANTS,**
**SENTRY SELECT INSURANCE COMPANY,**
**AARON CLAYTON AND BUCKLEY**
**TRANSPORT, INC.**


**CRAIG D. GREMILLION AND ASSOCIATES**
*/s/ Caleb J. Huval*
**CALEB J. HUVAL (#37736)**
2600 CitiPlace Drive, Suite 550
Baton Rouge, LA 70808
Telephone:  (225) 231-9460
Facsimile:  (855) 396-2535
Email: caleb.huval@statefarm.com
**ATTORNEYS FOR DEFENDANT, STATE**
**FARM MUTUAL AUTOMOBILE INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to plaintiff's counsel by operation of the Court's electronic filing system.

Lafayette, Louisiana on this 12th day of August 2022.

                     *s/ Steven B. Rabalais*
                     **STEVEN B. RABALAIS**